CULPEPPER, Judge.
Plaintiffs seek damages under the uninsured motorist coverage of a policy issued by the defendant. Defendant filed a motion for summary judgment. It attached an affidavit from an insurance agent showing that the tort feasor was insured by Marquette Casualty Company at the time of the accident on November 12, 1963. Another affidavit was filed by defendant to show that Marquette Casualty Company did not become insolvent within one year after the accident, and hence that the requirements of LSA-R.S. 22:1406 D, (2), (3) were satisfied. The district judge sustained the motion for summary judgment. Plaintiff appealed.
The substantial issue is whether the affidavit filed by defendant established with sufficient certainty that Marquette Casualty Company remained solvent for more than a year after the accident.
LSA-R.S. 22:1406 D, (3) provides in pertinent part that the term “uninsured motor vehicle” includes an insured vehicle where the liability insurer thereof “becomes insolvent within one year after such an accident.”
*689 The affidavit in question is by Richard Doyle and reads as follows:
“He is presently employed by the Commissioner of Insurance of the State of Louisiana as a co-ordinator and has been so employed since 1968. Prior to that time he was employed by the Marquette Casualty Company (hereinafter referred to as ‘Marquette’) as Assistant Claims Manager. During 1964 Marquette filed its annual statement with the Commissioner of Insurance showing a surplus of assets over liabilities for the year 1963.
“To the best of his knowledge, through the month of November 1964 Marquette had funds on deposit and other assets subject to seizure and subject to the payment of claims under policies issued by Marquette. Through November 1964 the Marquette Claims Department was still functioning. In December 1964 Marquette’s financial troubles emerged which eventually resulted in rehabilitation efforts being instituted in January 1965.”
Plaintiffs filed no affidavits or other documents opposing the affidavit of Mr. Doyle. Hence, under LSA-C.C.P. Article 967, no issue is raised by plaintiffs as to the correctness of Mr. Doyle’s affidavit, and the question is whether that affidavit suffices on its face.
The affidavit is sufficient to establish a prima facie case that Marquette was solvent for more than a year after the accident. In the absence of any opposing affidavits or other proof by plaintiffs, no issue of fact is presented and summary judgment is appropriate.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiffs appellants.
Affirmed.